# Wytheville.

ALICE M. WIDGINS, ADMINISTRATRIX OF GEORGE
RUSSELL WIDGINS v. NORFOLK AND WESTERN
RAILWAY COMPANY, AND BALDWIN-FELTS
DETECTIVES, A CORPORATION, W. G.
BALDWIN AND T. L. FELTS.

June 11, 1925.

Argued before Judge Chichester took his seat.

1. APPEAL AND ERROR—*Printing the Record—Affidavit of Inability to Pay
   Cost of Printing—Time—Substitute for Printed Record.*—Sections 3486
   and 6357 of the Code of 1919 should be construed together. The
   language of section 3486 is clear and mandatory and goes to the
   jurisdiction of the court. If the cost of printing the record is not
   paid within ninety days from the day on which appellant's counsel
   receives notice of the amount thereof, "the court shall dismiss the
   suit." If the appellant desires to avail himself of a substitute for
   the printed record, as provided by section 6357, he must, before the
   expiration of the ninety days, comply with the terms of that section,
   by making affidavit that he is financially unable to pay the cost of
   printing and having the same approved by the trial court, or the
   judge thereof in vacation, and certified to the clerk of the Supreme
   Court of Appeals, and by then filing with the clerk of the appellate
   court, within the ninety days, ten neatly typewritten, multigraphed,
   mimeographed, photostatic or carbon copies of the record upon sheets
   of paper of a uniform size to be prescribed by said court, duly certi-
   fied by the clerk of the court from which the appeal is taken.

2. APPEAL AND ERROR—*Printing the Record—Substitute for Printed Record—
   Affidavit of Inability to Pay—Case at Bar.*—In the instant case the
   clerk of the Supreme Court of Appeals on September 23, 1924, noti-
   fied counsel for the plaintiff in error of the cost of printing the record.
   These costs were never paid. In February, 1925, more than ninety
   days after the notice by the clerk, the plaintiff in error filed with the
   clerk of the Supreme Court of Appeals ten typewritten copies of
   the record not certified by the clerk of court from which the appeal
   was taken. On March 9, 1925, the lower court entered an order
   stating that the plaintiff in error on that day filed her affidavit that

she was financially unable to pay for printing the record and certifying the same to the clerk of the Supreme Court of Appeals, a copy of the order being received by said clerk on March 10, 1925. The order did not state that the affidavit was *approved* by the judge of the circuit court.

*Held:* That the plaintiff in error having failed to pay the cost of printing the record and failed to comply with any of the provisions of section 6357 of the Code of 1919 within the time and in the manner which entitled her to offer a substitute for the printed record, the Supreme Court of Appeals was without jurisdiction to hear the case on its merits and a motion to dismiss must be sustained.

3. APPEAL AND ERROR—*"Writ of Error"*—*"Appeal."*—The common law mode of reviewing the judgment of courts of record was by "writ of error," while "appeal" belonged to the courts of chancery and was unknown to the common law. In a technical sense, these are the appropriate uses of these terms. But the tendency in modern times is to ignore these distinctions. When found in a statute at the present time, the meaning to be given to "appeal" and "appellant" must be gathered from the language of the statute itself in the light of the context.

4. APPEAL AND ERROR—*Meaning of "Appellee" and "Appellant" as Used in Sections 3486, 6357, 6351 and 6366, of the Code of 1919.*—The words "appellant" and "appellee" as used in sections 3486, 6357, 6351 and 6366, of the Code of 1919 are not used in a technical sense, but in a broader sense by which they include the plaintiffs and defendants in a writ of error as well as in an appeal.

5. APPEAL AND ERROR—*"Appellant" and "Appellee"—Substitute for Printed Record*—Notwithstanding the use of the word "appellant" in section 6357 of the Code of 1919, providing a substitute for a printed record on appeal, the statute applies to writs of error as well as to technical appeals.

Error to a judgment of the Circuit Court of Nottoway county in an action of trespass on the case. Judgment for defendants. Plaintiff assigns error.

*Dismissed.*

The opinion states the case.

*W. L. Welborn,* for the plaintiff in error.

*W. Moncure Gravatt,* for the defendants in error.

WEST, J., delivered the opinion of the court.

This action was brought by George Russell Widgins' administratrix against the Norfolk and Western Railway Company and Baldwin-Felts Detectives, a corporation, W. G. Baldwin and T. L. Felts, to recover damages for the wrongful death of George Russell Widgins. The jury returned a verdict for $8,250.00 in favor of the plaintiff, subject to the court's ruling on the defendants' demurrer to the evidence. The court sustained the demurrer and entered final judgment for the defendant. To that judgment this writ of error was allowed.

At the threshold we are met with a motion of the defendants, made at the bar of this court, to dismiss this suit because the record in the case has not been printed pursuant to the provisions of section 6357 of the Code, and because no sufficient substitute for the printing of such record, as is provided for in said section, has been produced.

This writ of error was awarded September 19, 1924. The case was docketed September 23, 1924, and on that day the clerk of this court notified counsel for the plaintiff in error that the cost of printing the record would be $415.00. These costs have never been paid. In February, 1925, the plaintiff in error filed with the clerk of this court ten typewritten copies of the record, not certified by the clerk of the court from which the appeal was taken. On March 9, 1925, the Circuit Court of Nottoway county entered an order stating that the plaintiff in error on that day filed her affidavit that she was financially unable to pay for printing the record and certifying the same to the clerk of the Supreme Court of Appeals, a copy of the order being received by said clerk on March 10, 1925. The order

does not state that the affidavit was *approved* by the judge of the circuit court.

Section 3486 requires the clerk of the appellate court, as soon as the appeal, writ of error, or supersedeas, is docketed, to notify the appellant or his counsel of record of the amount of costs of printing the record, and provides "if the same is not paid within ninety days from the date of such notice, the case shall be dismissed." Section 6357, which prescribes the duties of the clerk as to preparing, printing and distributing the record, contains the provision: "Provided, however, if the appellant is financially unable and makes affidavit thereof, the same to be approved by the trial court or judge thereof in vacation, and certified to the clerk of the Supreme Court of Appeals, then in such case the filing with the clerk of the appellate court of ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record, upon sheets of paper of a uniform size to be prescribed by said court, duly certified by the clerk of the court from which appeal is taken, shall be considered a sufficient substitute for printing such record."

[1] These two sections should be construed together. The language of section 3436 is clear and mandatory and goes to the jurisdiction of the court. If the cost of printing is not paid within ninety days from the day on which appellant's counsel receives notice of the amount thereof, "the court shall dismiss the suit." If the appellant desires to avail himself of a substitute for the printed record, as provided by section 6357, he must, before the expiration of the ninety days, comply with the terms of that section, by making affidavit that he is financially unable to pay the cost of printing and having the same approved by the trial court, or the judge thereof in vacation, and certified to the clerk

of the Supreme Court of Appeals, and by then filing with the clerk of the appellate court, within the ninety days, ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record upon sheets of paper of a uniform size, to be prescribed by said court, duly certified by the clerk of the court from which the appeal is taken.

[2] The plaintiff in error having failed to pay the cost of printing the record and failed to comply with any of the provisions of section 6357 within the time and in the manner which entitled her to offer a substitute for the printed record, the court is without jurisdiction to hear the case on its merits and the defendants in error are entitled to have their motion sustained.

[3-5] We cannot sustain the contention of the defendants in error that the provisions of the statute as to a substitute for the printed record apply only to an appeal and an appellant, and that these exclude writs of error.

The common law mode of reviewing the judgment of courts of record was by "writ of error," while "appeal" belonged to the courts of chancery and was unknown to the common law. In a technical sense, these are the appropriate uses of these terms. But the tendency in modern times is to ignore these distinctions. When found in a statute at the present time, the meaning to be given to "appeal" and "appellant" must be gathered from the language of the statute itself in the light of the context.

Section 6357 provides that in any case docketed in the Supreme Court of Appeals, the clerk shall make a table of the contents of the whole record, and that the clerk shall take care that the printing be properly done; provided, if the appellant is financially unable

and makes affidavit thereof, etc. Section 3486 contains this language: "As soon as the case is docketed after the appeal, writ of error or supersedeas is allowed, the clerk of the said court shall notify the appellant, or his counsel of record, of the amount of such costs.

Section 6351 provides, with certain stated exceptions, that the appeal, writ of error or supersedeas shall not take effect until bond be given by the appellants or petitioners, or one or more of them.

Section 6366 provides, that "when any judgment, decree or order is affirmed, damages shall be awarded to the appellee."

We are of the opinion that words "appellant" and "appellee," found in these sections, are not used in a technical sense, but in a broader sense by which they include the plaintiffs and defendants in a writ of error as well as in an appeal.

For the foregoing reasons, we are of opinion that this suit should be dismissed.

We always prefer, where possible, to decide cases on their merits, but, in the instant case, our disappointment is diminished by the fact that an examination of the record convinces us that a disposition of the case on its merits would have resulted in an affirmance of the judgment complained of.

*Suit dismissed.*