# 𝕎𝕪𝕥𝕙𝕖𝕧𝕚𝕝𝕝𝕖.

## T. D. BEALE v. NORFOLK SOUTHERN RAILROAD COMPANY.

June 16, 1927.

Absent, Prentis, P.

1. APPEAL AND ERROR—*Printing Cost of Record—Typewritten Copy of the Record—Sections 3486 and 6357 of the Code of 1919—Time Within which Approval of Petitioner's Affidavit Must Reach Supreme Court of Appeals —Case at Bar.*—In the instant case, a writ of error was allowed on April 22, 1926; and on that day the clerk of the court notified counsel for the plaintiff in error of the cost of printing the record. On May 8, 1926, the plaintiff made the affidavit that is required by section 6357 of the Code of 1919, as amended by Acts of 1924, chapter 123, that he was unable to pay the cost of printing and asked to be allowed to substitute typewritten copies as provided by that section. On the 15th of May, 1926, the judge of the court in which the judgment was entered signed an order certifying that he approved the affidavit and ordered the clerk of his court to certify the affidavit with his approval to the clerk of the Supreme Court of Appeals as required by law. The clerk of the lower court failed to spread upon the order book of his court this order, and upon discovery of the omission on March 17, 1927, the judge of the lower court entered an order directing the clerk to enter the order, *nunc pro tunc,* as of May 15, 1926, and to certify a copy to the Supreme Court of Appeals, which was done on March 17, 1927. On June 9, 1926, plaintiff in error filed ten typewritten copies of the record with the clerk of the Supreme Court of Appeals.

    *Held:* That the circuit court had full authority to enter the *nunc pro tunc* order, but as the copy of the order did not reach the clerk of the Supreme Court of Appeals in the time prescribed by law, the writ of error must be dismissed.

2. APPEAL AND ERROR—*Cost of Printing Record—Typewritten Copy of the Record—Sections 3486 and 6357 of the Code of 1919—Section 6357 of the Code of 1919 is Remedial.*—Sections 3486 and 6357 of the Code of 1919 must be read and construed together. Section 3486 provides that if the costs of printing be not paid within ninety days from the date on which appellant receives notice of the amount thereof, the "case shall be dismissed."

3. APPEAL AND ERROR—*Cost of Printing Record—Typewritten Copy of the Record—Sections 3486 and 6357 of the Code of 1919—Jurisdictional.*—The failure to comply with the provisions of sections 3486, as amended by Acts of 1922, chapter 40, and 6357, as amended by Acts of 1924, chapter 123, of the Code of 1919, goes to the jurisdiction of the Supreme Court of Appeals; but that portion of section 6357 as amended by Acts of 1924, chapter 123, which authorizes the substitution of a typewritten, or other copy, of the "record" for a printed copy is remedial in its nature and should be liberally construed.

4. APPEAL AND ERROR—*Typewritten Copy of the Record—Section 6357 of the Code of 1919—Petition as Part of the Record.*—In applying section 6357 of the Code of 1919, as amended by Acts of 1924, chapter 123, to a case where the petitioner is allowed to substitute a typewritten for a printed record, whether he relies upon his petition as a brief or not, the Supreme Court of Appeals will treat the petition as a part of the "record" and allow the petitioner to use a typewritten, or other copy, in lieu of a printed copy thereof.

5. APPEAL AND ERROR—*Rules of the Supreme Court—Rule 2 Requiring Printed Brief—Section 6357 of the Code of 1919.*—Since section 6357 of the Code of 1919, permits a petitioner for a writ of error to use a typewritten copy of the record, he will not be required, under Rule 2 of the Supreme Court of Appeals, to file a printed copy of his petition, where he adopts the petition as his brief.

6. APPEAL AND ERROR—*Printed or Typewritten Copy of the Record—Time of Filing.*—A failure to file with the clerk of the Supreme Court of Appeals a certified copy of the affidavit of petitioner for writ of error to be allowed to substitute a typewritten copy of the record, under section 6357 of the Code of 1919, as amended by Acts of 1924, chapter 123, and the approval thereof by the trial judge, within ninety days, is just as fatal as would be his failure to file, within the ninety days, ten typewritten copies of the record. If an appellant or plaintiff in error desires to use a substitute copy for a printed record, he must do everything the statute requires to be done, within ninety days from the day he, or his counsel, receives notice of the amount of the costs of printing the record.

7. APPEAL AND ERROR—*Paying for Printing of Record—Typewritten Copy of Record—Time of Filing of Affidavit with Clerk of the Supreme Court of Appeals—Case at Bar.*—In the instant case, the plaintiff in error having failed to pay for the printing of the record, and having failed to file with the clerk of the Supreme Court of Appeals the copy of the affidavit and the trial judge's approval thereof, within the ninety days, the Supreme Court of Appeals is without jurisdiction to hear the case and the defendant in error is entitled to have his motion to dismiss sustained.

Error to a judgment of the Circuit Court of the city of Norfolk.   Judgment for defendant.   Plaintiff assigns error.

*Case dismissed.*

The opinion states the case.

*L. P. Mathes, Wolcott, Wolcott & Lankford,* and *W. L. Devany, Jr.,* for the plaintiff in error.

*Jas. G. Martin,* for the defendant in error.

WEST, J., delivered the opinion of the court.

T. D. Beale, hereafter called the plaintiff, brought action against Norfolk Southern Railroad Company, hereafter called defendant, to recover damages for injuries caused by the alleged negligence of the defendant. The jury returned a verdict in his favor for $7,500.

The action of the court in setting aside the verdict and entering judgment for the defendant is before us for review.

[1] At the threshold, we are met with a motion by the defendant to dismiss the case for want of jurisdiction, "because plaintiff has not paid the printing costs within the time allowed by law, nor has he complied with section 6357 of the Code [as amended by Acts 1924, chapter 123], allowing a typewritten or other copy of the record in certain cases, nor has there been any approval by the Circuit Court of the city of Norfolk, nor of the judge thereof, in vacation, of plaintiff's attempt to use a typewritten or other copy of the record, nor has such approval, nor the affidavit of plaintiff on that subject, been certified to the clerk of the Supreme Court of

Appeals of Virginia pursuant to said section 6357 of the Code. * * * Furthermore, plaintiff has filed no printed brief as required by Rule 2 of this court, set forth in 142 Virginia."

The judgment complained of was entered on February 10, 1926. The writ of error was allowed on April 22, 1926; and on that day the clerk of the court notified counsel for the plaintiff in error that $220 would be the cost of printing the record.

On May 8, 1926, the plaintiff made affidavit, as required by section 6357 of the Code of Virginia, that he was unable to pay or secure to be paid the costs of printing the record in the Supreme Court of Appeals and requesting that he be allowed to dispense with the necessity of printing the same and be allowed to substitute typewritten copies thereof. as provided by section 6357 of the Code. The judge of the Circuit Court of the city of Norfolk, Virginia, in which the judgment was entered, signed an order on the 15th day of May, 1926, certifying that he had examined and approved said affidavit, and ordering the clerk of his court to certify the said affidavit, together with his approval thereof, to the clerk of the Supreme Court of Appeals of Virginia, as required by law. On July 9, 1926, plaintiff in error filed ten typewritten copies of the record with the clerk of this court.

The clerk of the circuit court failed to spread upon the order book of his court the order last aforesaid. Upon the discovery of this omission on March 17, *1927*, the judge of the circuit court entered an order directing the clerk of his court to enter the order of May 15, 1926, *nunc pro tunc*, as of May 15, 1926, in the order book of his court and to forthwith certify a copy of said order to the Supreme Court of Appeals of Virginia, which was accordingly done, on March 17, 1927

[2] The circuit court had full authority to enter the *nunc pro tunc* order; but the copy of the order did not reach the clerk of this court in the time prescribed by law. Sections 3486 and 6357 of the Code of Virginia must be read and construed together. Section 3486 (as amended by Acts 1922, chapter 40) provides that if the costs of printing be not paid within ninety days from the date on which appellant receives notice of the amount thereof, the "case shall be dismissed."

[3] The failure to comply with the provisions of sections 3486 and 6357 of the Code goes to the jurisdiction of this court; but that portion of section 6357 which authorizes the substitution of a typewritten, or other copy, of the "record" for a printed copy is remedial in its nature and should be liberally construed. Before the statute was amended so as to allow the use of typewritten copies, the uniform practice in this court was to treat the petition as a part of the record and to have the pamphlet entitled "Record."

[4] In applying section 6357 to a case where the petitioner is allowed to substitute a typewritten for a printed record, whether he relies upon his petition as a brief or not, we shall treat the petition as a part of the "record" and allow him to use a typewritten, or other copy, in lieu of a printed copy thereof.

[5] We find nothing in Rule 2 which supersedes this construction of the statute, since the statute is paramount to the rule. If under section 6357 a petitioner is permitted to use a typewritten copy of the record, he will not be required under Rule 2 to file a printed copy of his petition, where he adopts it as his brief.

"If the appellant desires to avail himself of a substitute for the printed record, as provided by section 6357, he must, before the expiration of the ninety days, comply with the terms of that section by making

the affidavit that he is financially unable to pay the cost of printing and having the same approved by the trial court, or judge thereof in vacation, and certified to the clerk of the Supreme Court of Appeals, and by then filing with the clerk of the appellate court, within the ninety days, ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record, upon sheets of paper of a uniform size, to be prescribed by said court, duly certified by the clerk of the court from which the appeal is taken." *Widgins'* v. *N. & W. Ry. Co.*, 142 Va. 422-3, 128 S. E. 517.

[6] A failure to file with the clerk of this court a certified copy of the affidavit and the approval thereof by the trial judge, within the ninety days, is just as fatal to the case of the plaintiff in error as would be his failure to file, within the ninety days, ten typewritten copies of the record. If an appellant or plaintiff in error desires to use a substitute copy for a printed record, he must do everything the statute requires to be done, within ninety days from the day he, or his counsel, receives notice of the amount of the costs of printing the record.

[7] The plaintiff in error having failed to pay for the printing of the record, and having failed to file with the clerk of this court the copy of the affidavit and the trial judge's approval thereof, within the ninety days, this court is without jurisdiction to hear the case and the defendant in error is entitled to have his motion to dismiss sustained.

We regret that the case has to be disposed of on a motion to dismiss. However, the plaintiff is not thereby deprived of any substantial right, since an examination of the record satisfies us that he has failed to prove that his injuries were occasioned by any negligence on the part of the defendant.

*Case dismissed.*