# Wytheville

ELIZABETH GRINNAN JACKSON v. GUY S. JACKSON.

June 11, 1936.

Present, Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*Alvah H. Martin,* for the appellant.

*James G. Martin & Son* and *Ivor A. Page, Jr.,* for the appellee.

GREGORY, J., delivered the opinion of the court.

The appellant, who was the complainant in the court below, filed her bill of complaint against Guy S. Jackson, her husband, asking the court to grant her a divorce *a mensa et thoro* on the ground of desertion. She also asked for alimony and for sums sufficient to maintain and support her three infant children. The court below after hearing all of the evidence *ore tenus* denied the appellant a divorce but awarded $10.00 per week for the support and maintenance of the children subject to any further order of the court increasing or diminishing said amount.

The appellant applied to this court for an appeal which was granted on the 6th day of June, 1935. On the 12th day of June, 1935, the clerk of this court notified counsel for the appellant that the printing costs would be $250. This amount has never been paid. On October 1, 1935, counsel for the appellant attempted to file with the clerk typewritten copies of the record in accordance with the authority contained in Code, section 6357, as amended by Acts 1924, ch. 123, but said copies were not filed within sixty days from the date of the notice by the clerk as required by Code, section 3486, as amended in 1934 (ch. 276).

Because the said typewritten copies were not filed within the sixty days, the appellee moved this court to dismiss the appeal and in our view the motion must be sustained and the appeal dismissed.

Section 3486 of the Code, as amended, reads as follows:

"The clerk of the Supreme Court of Appeals shall charge the same fees as a clerk of a circuit court for simi-

lar services. In every case wherein printing is done under section 6357, the clerk of the Supreme Court of Appeals shall charge in such cases, to the appellants or plaintiffs in error, the actual cost of printing the record, plus thirty cents per page for each printed page thereof, which shall be paid, or be secured to be paid to the clerk before the printing is done. As soon as the case is docketed after the appeal, writ of error, or supersedeas is allowed, the clerk of the said court shall notify the appellant, or his counsel of record, of the amount of such costs, and if the same is not paid within sixty days from the date of such notice the case shall be dismissed, which costs so paid, or secured to be paid, shall be recovered and paid by the parties respectively, as the court shall direct. When a case is decided by the Supreme Court of Appeals the clerk shall furnish two copies of the opinion rendered by the court thereon, one to counsel on each side of the case, without making any charge therefor. The clerk shall keep an accurate account of all fees and costs collected by him and shall make monthly remittances thereof to the State Treasurer, transmitting with each remittance a detailed statement showing each and every item covered thereby. All such fees and costs shall be credited by the comptroller to the general fund of the State treasury."

The pertinent portion of section 6357 of the Code, as amended by Acts 1924, ch. 123, is as follows:

"Provided, however, if the appellant is financially unable and makes affidavit thereof the same to be approved by the trial court or judge thereof in vacation and certified to the clerk of the Supreme Court of Appeals then in such case the filing with the clerk of the appellate court of ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record upon sheets of paper of a uniform size to be prescribed by said court, duly certified by the clerk of the court from which the appeal is taken, shall be considered a sufficient substitute for printing such record."

In considering these two sections of the Code this

court held in *Widgins* v. *Norfolk & W. Ry. Co.,* 142 Va. 419, 128 S. E. 516, 517, and *Beale* v. *Norfolk Southern R. Co.,* 148 Va. 20, 138 S. E. 502, that they must be construed together.

In *Widgins* v. *Norfolk & W. Ry. Co., supra,* the court, speaking through Judge West, said:

"These two sections should be construed together. The language of section 3486 is clear and mandatory and goes to the jurisdiction of the court. If the cost of printing is not paid within ninety days from the day on which appellant's counsel receives notice of the amount thereof, 'the court shall dismiss the suit.' If the appellant desires to avail himself of a substitute for the printed record, as provided by section 6357, he must, before the expiration of the ninety days, comply with the terms of that section, by making affidavit that he is financially unable to pay the cost of printing and having the same approved by the trial court, or the judge thereof in vacation, and certified to the clerk of the Supreme Court of Appeals, and by then filing with the clerk of the appellate court, within the ninety days, ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record upon sheets of paper of a uniform size, to be prescribed by said court, duly certified by the clerk of the court from which the appeal is taken.

"The plaintiff in error having failed to pay the cost of printing the record and failed to comply with any of the provisions of section 6357 within the time and in the manner which entitled her to offer a substitute for the printed record, the court is without jurisdiction to hear the case on its merits and the defendants in error are entitled to have their motion sustained."

Later in *Beale* v. *Norfolk Southern R. Co., supra,* the rule laid down in the *Widgins Case* was reaffirmed.

When these two cases were decided, ninety days were allowed for the payment of the costs, but by the amendment of 1934 this period has been reduced to sixty days.

It seems clear that if the appealing party desires

to substitute the typewritten copies of the record in lieu of the payment of the printing costs and they are not filed within the sixty-day period (formerly ninety days) this court is without jurisdiction to hear and determine the appeal or writ of error. If the appealing party pays the costs to the clerk within the sixty-day period, he has no further responsibility in regard to the printing of the record. It is then the duty of the clerk to see that the record is printed within due time and any delay that might occur is chargeable to him. On the other hand where the appealing party desires to substitute the type-written copies for the printed record, if he were not required to do so within sixty days he would have a longer time to supply the record than those who pay the printing costs. In fact, there would be no time limit to filing the typewritten copies. This would occasion serious delay in the conduct of the affairs of this court.

We adhere to the rule announced in the former decisions of the court which have been referred to, and we are of the opinion that the appeal in this cause should be dismissed.

*Dismissed.*