# Richmond

AVA ELISE MOODY, ADM'X, ETC. v. SOUTHERN RAILWAY
COMPANY.

January 13, 1938.

Present, All the Justices.

The opinion states the case.

*Fred E. Martin* and *Venable, Miller, Pilcher & Parsons,* for the plaintiff in error.

*James H. Corbitt* and *Thomas B. Gay,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Comment upon the merits of this case, as revealed by the evidence and the action of the court in its rulings in relation to the issues raised, would be unnecessary since it must be dismissed for the failure of the plaintiff in error to comply with the mandatory provisions of sections 3486 and 6357 of the Code of Virginia, 1936.

The germane provisions of these sections are as follows:

"Sec. 3486. * * * As soon as the case is docketed after the appeal, writ of error, or supersedeas is allowed, the clerk of the said court shall notify the appellant, or his counsel of record, of the amount of such costs, and if the same is not paid within sixty days from the date of such notice

the case shall be dismissed, which costs so paid, or secured to be paid, shall be recovered and paid by the parties respectively, as the court shall direct."

"Sec. 6357. * * * Provided, however, if the appellant is financially unable and makes affidavit thereof the same to be approved by the trial court or judge thereof in vacation and certified to the clerk of the Supreme Court of Appeals then in such case the filing with the clerk of the appellate court of ten neatly typewritten, multigraphed, mimeographed, photostatic or carbon copies of the record upon sheets of paper of uniform size to be prescribed by said court, duly certified by the clerk of the court from which the appeal was taken, shall be considered a sufficient substitute for printing such records."

In the case of *Jackson* v. *Jackson,* 166 Va. 341, 344, 186 S. E. 50, it was held that the two sections of the Code referred to must be construed together.

The failure of the plaintiff in error to comply with the statutory requirements is embraced in the following omissions:

1. Ten copies of the record were not filed with the clerk of this court within the time required.

2. No affidavit of the financial inability of the plaintiff in error has been certified to the clerk of this court.

3. No complete and true copies of the record have been certified as required and filed with the clerk of this court within the statutory period.

Nine incomplete typewritten copies of the record were filed with the clerk of this court on February 23, 1937. On May 12, 1937, an additional typewritten copy of the record was delivered to the clerk. On January 25, 1937, the clerk of this court notified counsel for plaintiff in error in accordance with section 3486, that the costs of printing the record in the case would amount to $370.00. Such costs were not paid and the plaintiff in error sought to avail herself of the substitute provided by section 6357. It will thus be seen that the sixty day period within which the ten copies of the record must be filed expired on March 26, 1937, and

it was not until at least forty-seven days thereafter that the tenth copy was attempted to be filed.

The clerk of this court, upon examination of the nine copies of the record which had been filed within the statutory time, found that they were incomplete and incorrect. He, therefore, returned them with the tenth copy, which had been filed after the statutory filing period had elapsed, to the clerk of the Hustings Court for the city of Portsmouth. On or about the 22nd day of May, 1937, they were returned to the clerk of this court.

We think the contention of the defendant in error that the clerk of this court was without authority, after the expiration of the statutory period, to either forward the imperfect copies to the clerk of the lower court for correction or to receive them for filing after such correction, is sound.

Section 6357 requires, as a condition precedent to the right to file ten typewritten copies of the record as a substitute for printing it, the plaintiff in error to make an affidavit of financial inability which is to be approved by the trial court or judge thereof in vacation and certified to the clerk of this court. This the plaintiff in error utterly failed to do.

These statutory requirements have been held by this court to be mandatory and to be jurisdictional.

This court cannot ignore a solemn legislative enactment. If the statutes are legally sound, in that they cannot be successfully assailed for some adequate cause, constitutional or otherwise, then the court cannot alter or abrogate them by interpretation or construction.

The very recent case of *Jackson* v. *Jackson, supra,* citing the cases of *Widgins* v. *Norfolk & W. Ry. Co.,* 142 Va. 419, 128 S. E. 516, 517, and *Beale* v. *Norfolk Southern R. Co.,* 148 Va. 20, 138 S. E. 502, is conclusive of the points under consideration. It affords very clear and forceful statements of the law.

We are without authority to take any other action here than to dismiss the writ of error.

*Dismissed.*