## 𝔖taunton

COLLIE FITZGERALD, INDIVIDUALLY AND AS ADMINISTRATOR C. T. A. OF THE ESTATE OF WILLIAM D. BOONE, DECEASED, ET AL. v. OSCAR L. HOLTON AND SUSIE W. HOLTON.

September 6, 1957.

Record No. 4713.

Present, All the Justices.

The opinion states the case.

*William C. Worthington* and *Worthington & White,* on brief, for the appellants.

*Louis B. Fine* and *Jerrold G. Weinberg*, on brief, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

At the June, 1957, session an order was entered dismissing this case on the ground that the estimated cost of printing the record and petition was not paid within the time required by Code, § 8-482, as amended by Acts 1956, ch. 301, p. 352. For the purpose of clarifying this and other related statutes, we deem it advisable to state the reasons why this action was taken.

Code, § 8-482, as amended, provides:

"*Cost of printing record; effect of failure to pay.*—In every case wherein the printing of the record or the printing of the record and opening brief is done under the supervision of the clerk of the Supreme Court of Appeals, he shall charge in such cases to the appellants or plaintiffs in error, the actual cost of printing the record, which shall be paid to the clerk before the printing is done. As soon as the case is docketed after the appeal, writ of error or supersedeas is allowed, the clerk shall notify the appellant, or his counsel of record, of the amount of costs, and if the same is not paid within thirty days from the date of such notice the case shall be dismissed. The costs so paid shall be recovered and paid by the parties respectively, as the court shall direct."

On March 7, 1957, an appeal with supersedeas was awarded by an order of this court and the papers were delivered to the clerk. On March 15 the summons or process required under § 8-490, as amended by Acts 1954, ch. 333, p. 419, was issued. This summons, showing the acceptance of service and the execution of the required bond on March 19, was returned to the clerk on March 20. It was noted on the "Clerk's Office Docket" that the case had "matured" on this latter date.

In the meantime, on March 15, the clerk had written and mailed to counsel for the appellants, at his Norfolk, Virginia, address, a letter stating that the estimated cost of printing the record and petition was $200, and that counsel had thirty days "from the date of this letter" within which to pay that amount. When this letter reached the office of appellants' counsel is not shown. On April 17 the clerk received a letter from counsel enclosing a check for the amount of the estimated cost of printing. Shortly thereafter counsel for the appellees filed a motion to dismiss, on the ground that the estimated

cost had not been paid within the time required by statute.

In his brief opposing the motion to dismiss, appellants' counsel contended that the payment was timely for two reasons. First, he says, in *Widgins* v. *Norfolk & Western Ry. Co.*, 142 Va. 419, 128 S. E. 516, and in *Beale* v. *Norfolk Southern R. Co.*, 148 Va. 20, 138 S. E. 502, we held that the thirty-day payment period runs from the date on which an appellant's counsel receives from the clerk the notification of the amount of the estimated cost of printing; that since the clerk's letter to him was mailed on Friday, March 15, and Saturday, March 16, was a half holiday, he should not be chargeable with receipt of the notice until the following Monday, March 18, and that the cost was paid within thirty days of this latter date.

In the *Widgins* and *Beale* cases we dealt with the time for compliance with the provisions of § 6357 of the Code of 1919 (Code of 1950, § 8-481)[1] allowing the filing of typewritten copies of the record with the clerk of this court. We held that compliance with that section must be within the time provided by § 3486 of the Code of 1919 (now § 8-482) for the payment of the estimated cost of printing.

In the *Widgins* case, after quoting the exact words of the statute, which were observed to be "clear and mandatory," the opinion states that "If the cost of printing is not paid within ninety days [the then prescribed period] *from the day on which appellant's counsel receives notice of the amount thereof,* 'the court shall dismiss the suit.'" (Emphasis added.) 142 Va., at page 422.

In the *Beale* case, following the *Widgins* case, it was said that if an appellant desires to use a substitute copy for a printed record, "he must do everything the statute requires to be done, within ninety days from the day he, *or his counsel, receives notice* of the amount of the costs of printing the record." (Emphasis added.) 148 Va., at page 25.

The opinion in each of these cases merely states that on a particular date counsel for the plaintiff in error was "notified" of the amount of the estimated cost. Neither the opinion nor the record in either case discloses the manner of the notification. There is nothing to indicate that there was any difference between the date on which the notice was dispatched by the clerk and the date it was received by counsel. In each case the default was well beyond the date of the notification and each case was dismissed.

In *Jackson* v. *Jackson*, 166 Va. 341, 186 S. E. 50, the appeal was

---

[1] Repealed by Acts 1954, ch. 593, p. 765.

dismissed on the ground that the proffered typewritten copies of the record were not filed with the clerk within the time required by these statutes. There the dictum in the *Widgins* and *Beale* cases was cited. But the opinion in the *Jackson* case points out that the substitute copies were not filed within the prescribed time "from the date of the notice by the clerk as required by Code, § 3486" (now § 8-482). 166 Va., at page 342, 186 S. E., at page 50. See also, *Moody* v. *Southern Ry. Co.*, 169 Va. 765, 194 S. E. 679.

We hold that the language of § 8-482 is clear and means precisely what it says—that is, if the amount of the estimated cost of printing "is not paid within thirty days from the *date of such notice* the case shall be dismissed." (Emphasis added.) The expressions to the contrary in the *Widgins*, *Beale* and *Jackson* cases are hereby overruled.

Despite such expressions in these cases, for more than twenty-five years it has been the practice of this court to dismiss a case where the estimated cost of printing is not paid within the prescribed time "from the date of such notice." The clerk's form letter of notification states, as it did in the present case, that such cost must be paid within thirty days of that date.

The facts in the present case demonstrate the rationality of the wording of the statute and the necessity for following it. In his brief counsel for the appellants frankly says that he does not know when the notice reached his office, but that it was not brought to his attention until April 16, and after he had made telephone inquiry of the clerk as to the amount of the estimated cost and was told that such notice had been sent him more than a month previous thereto. To hold that the thirty-day period runs from the date the appellant or his counsel *receives the notice* would be to rewrite the language of the statute and would lead to uncertainty and confusion in its application.

The appellants' counsel next contended that the clerk's notification was premature and should not have been sent until the case had been docketed, which, he says, occurred on March 20, and that the cost was paid within thirty days of that date. Here the argument is that the time for the issuance of the notice is fixed by § 8-482, which provides that, "*As soon as the case is docketed* after the appeal, writ of error or supersedeas is allowed, the clerk shall notify the appellant, or his counsel of record, of the amount of costs" (emphasis added); that under Rule 5:7, § 1, "Cases will be placed upon the docket in the order in which they mature;" and that the "Clerk's

Office Docket" shows that the case was "matured" on March 20.

A reading of the whole of Rule 5:7[2] in its context shows that it relates to the "Court's Argument Docket" on which are listed the cases to be heard at the current session. This rule is followed successively by Rule 5:8 dealing with "Notice of Hearing," Rule 5:9 dealing with the "Order of Hearing," and Rule 5:10 dealing with "Oral Argument." Thus, the placing of cases on the Argument Docket under Rule 5:7, § 1, here relied on, is quite different from the docketing of cases referred to in Code, § 8-482.

For many years the clerk of this court and his predecessors have deemed that a case is "docketed" within the meaning of Code, § 8-482, when the clerk receives the petition for appeal and the record following the allowance of an appeal by the court or by a judge thereof. The issuance of the notice of the estimated cost of printing, required by that section, has not been postponed until the return to the clerk's office of the summons showing that it has been executed and that the required bond has been given. We hold this to be a proper interpretation and application of the statute.

In *D. F. Tyler Corp.* v. *Evans*, 156 Va. 576, 159 S. E. 393, there is a dictum to the effect that a case is not "properly on the clerk's docket" until the bond required by Code, § 8-477, as amended by Acts 1956, ch. 347, p. 399, has been executed. In that case there was a motion to dismiss the writ of error on the ground that the original summons issued by the clerk of the appellate court, pursuant to Code, § 8-490, had not been served before the return day and that the clerk had no authority to issue an alias summons which was actually served. It was held that such summons "simply matures the case for hearing by this court" and that its issuance and service are not essential to the perfecting of a writ of error or appeal.[3] 156 Va., at pages 579, 580.

However, the opinion went beyond the decision of the point in-

---

[2]                    "RULE 5:7. DOCKET.

"§ 1. Cases will be placed upon the docket in the order in which they mature except that criminal cases and appeals from the Industrial Commission and from the Corporation Commission shall have precedence over other cases.

"§ 2. For good cause shown or for reasons appearing to the court, other cases may be placed on the privileged docket and given precedence.

"§ 3. When a writ of error in any criminal case is awarded by a Justice in vacation, it shall be made returnable to the first Monday of the next succeeding month and, if awarded by the Court when in session, it shall be made returnable forthwith."

[3] This holding was reaffirmed in *Hackley* v. *Robey*, 170 Va. 55, 58, 59, 195 S. E. 689, 690; *Andrews* v. *Cahoon*, 196 Va. 790, 796, 86 S. E. 2d 173, 176.

volved and said: "When a writ of error or appeal has been granted and the record and petition have been delivered to the clerk *and bond executed as required by law,* the case is properly on the clerk's docket." (Emphasis added.) 156 Va., at pages 579, 580.

The court was not there called upon to decide when the case was "properly on the clerk's docket," or whether it should have been considered as docketed before the required bond was executed. Upon further consideration we hold that it is not necessary that the bond be executed before the case may be deemed "docketed" within the meaning of § 8-482. The contrary indication in the italicized words in the quoted paragraph is overruled.

As has been said, the record here shows that the appeal was granted by an order of the court entered on March 7, 1957, and on the same day the record and petition were delivered to the clerk. The case was on that day docketed within the meaning of Code, § 8-482. Hence, the clerk's notification of the amount of the estimated cost, dated March 15, 1957, was not premature.

For these reasons we hold that the case was properly dismissed under the mandatory provision of Code, § 8-482, as amended.

*Dismissed.*